UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA MUFWENE, | ) | |
| | ) | |
| Plaintiff and Counter-Defendant, | ) | |
| | ) | |
| v. | ) | No. 1:10-cv-02591 |
| | ) | |
| AMERICAN CREDIT EXCHANGE, | ) | |
| | ) | |
| Defendant and Counter-Plaintiff, | ) | |

**PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM FOR LACK OF SUBJECT
MATTER JURISDICTION**

On August 3, 2010, at 9:00 a.m., in courtroom 2541 of the Honorable James F. Holderman,
located at Everett McKinley Dirksen Courthouse, 219 South Dearborn Street, Chicago, Illinois,
Plaintiff, PATRICIA MUFWENE (Plaintiff), will move for an order granting Plaintiff's Motion to
Dismiss Defendant's Counterclaim for Lack of Subject Matter Jurisdiction.

This Motion will be based on this Notice of Motion, the Memorandum of Points and
Authorities, and the Declaration of Plaintiff's Counsel, Adam T. Hill.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM
FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff, PATRICIA MUFWENE ("Plaintiff"), respectfully moves this Court to dismiss the
counterclaim of Defendant, AMERICAN CREDIT EXCHANGE ("Defendant"), for lack of subject
matter jurisdiction.

## I.     BACKGROUND

On April 27, 2010, Plaintiff filed a One Count Complaint against Defendant. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* ("FDCPA") (the Complaint is attached as Exhibit "A"). On June 30, 2010, Defendant filed an Answer and Counterclaim to Plaintiff's Complaint. (the "Counterclaim," attached as Exhibit "B").

In its Counterclaim, Defendant advised this Court that it had supplemental jurisdiction over its counterclaim pursuant to 28 U.S.C. § 1367(a). More specifically, Defendant contended the counterclaim arose out of the same transactions and occurrences as alleged in Plaintiff's Complaint. Plaintiff contends that the facts alleged in Defendant's counterclaim do not arise out of the same transaction and occurrences as alleged in Plaintiff's Complaint and thus Defendant's Counterclaim must be dismissed for lack of subject matter jurisdiction.

## II.    PLAINTIFF'S SUMMARY OF HER ARGUMENTS IN SUPPORT OF HER MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM FOR LACK OF SUBJECT MATTER JURISDICTION.

As stated above, Plaintiff denies that this Court has supplemental jurisdiction over Defendant's counterclaim. Defendant's counterclaim should be treated as a permissive counterclaim as it is not "logically related" to Plaintiff's claims because it does not arise out of the same transaction or occurrence. *See In re Price*, 42 F.3d 1068, 1073 (7th Cir. 1994) (the Seventh Circuit applies the "logical relationship" test to determine whether two claims arise out of the "same transaction or occurrence" for the purposes of Rule 13(a)). To make this determination, the Seventh Circuit applies the "common nucleus of operative fact" standard to the claims at issue, which requires that a factual nexus must exist for a court to exercise supplemental jurisdiction over a counterclaim. *Baer v. First Options of Chicago, Inc.* 72 F.3d 1294 (7th Cir. 1995). It is Plaintiff's position that there is no such factual nexus.

In the alternative, even if the court finds that the claims are sufficiently connected for the exercise of supplemental jurisdiction over the counterclaim, the court should decline to exercise such jurisdiction over the counterclaim because compelling public policy reasons exist for doing so.

## III. DEFENDANT'S COUNTERCLAIM DOES NOT ARISE OUT OF THE SAME TRANSACTION OR OCCURRENCE THAT IS THE SUBJECT MATTER OF THE PLAINTIFF'S CLAIM; THUS, THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THE COUNTERCLAIM

Pursuant to Federal Rule of Civil Procedure 13(a)(1)(A), a compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." If a counterclaim does not arise out of the transaction or occurrence that is the subject matter of the opposing party's claim, the district courts shall have supplemental jurisdiction over that claim if it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. 1367(c).

The Seventh Circuit views the case or controversy language of the supplemental jurisdiction statute as being broader than the transaction or occurrence provisions that define compulsory and permissive counterclaims; however, the Seventh Circuit has consistently held that the claims must derive from the same common nucleus of operative facts. That is, there must be some sufficient nexus between the claims brought by the parties. *See, Ammerman v. Sween*, 54 F.3d 423 (7th Cir. 1995); *Channell v. Citicorp Nat'l Serv, Inc.* 89 F.3d 379, 384-86 (7th Cir. 1996); and *Baer v. First Options of Chicago, Inc.* 72 F.3d 1294 (7th Cir. 1995). Although the courts in the above cases found a sufficient nexus, these cases are completely distinguishable from the facts in this case, for the reasons discussed in more detail below. In *Ammerman,* for instance, the court determined that a college lab instructor's assault and battery state law claim against a co-employee was sufficiently

connected to her Title VII claim against her employer and that the claims shared a "common nucleus

of operative fact." *See, Ammerman v. Sween*, 54 F.3d at 424-25.

In *Baer*, the Seventh Circuit applied the same "common nucleus of operative fact" standard

to the claims at issue. *Baer,* 72 F.3d at 1299. The court in *Baer* concluded that the attorneys' fee

dispute at issue "was part of the 'same case or controversy' as the underlying litigation," and the

Court found jurisdiction was present. *Id.* at 1301. It cannot be said that the facts of the case at bar

are part of the same "case or controversy." The facts are entirely distinct, as discussed below.

A.   **The claims do not arise from the same common nucleus of operative facts; thus there is no sufficient nexus between the parties' claims as required for the exercise of supplemental jurisdiction.**

The FDCPA action brought by Plaintiff involves Defendant's alleged illegal debt collection

activities. Specifically, Plaintiff has alleged that Defendant violated the FDCPA by constantly and

continuously placing collection calls to Plaintiff seeking and demanding payment for an alleged

debt. (*See* ¶ 13 of Plaintiff's Complaint attached as Exhibit "A"). While there is no question that

an underlying debt was the reason the collection activity occurred, the underlying debt and the

amount of the same is immaterial to Plaintiff's claims under the FDCPA. For purposes of proving

her claims, the amount and character of Plaintiff's debt does not in any way impact Plaintiff's ability

to recover under the FDCPA. Importantly, whether or not Plaintiff even owes an underlying debt is

irrelevant to her FDCPA claims. *See Baker v. G.C. Services, Corp.,* 677 F.2d 775, 777 (9th Cir.

1982)("The FDCPA is designed to protect consumers who have been victimized by unscrupulous

debt collectors, regardless of whether a valid debt actually exists"); *McCartney v. First City Bank,*

970 F.2d 45, 47 (5th Cir. 1992)("The Act makes debt collectors liable for various 'abusive,

deceptive, and unfair debt collection practices' regardless of whether the debt is valid.").

In contrast, Defendant's common law counterclaim for breach of contract rests solely on the interpretation of Defendant's contract with Plaintiff, the amounts paid under the contract, and the amounts owed under the contract. Other than the incidental fact that the debt Defendant seeks to collect involves the same debt for which Defendant is suing Plaintiff, there are no other common facts. Per the Seventh Circuit's "logical relationship test," it cannot be said that the two disputes arise from a common factual background such that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit. *See In re Price,* 42 F.3d at 1073. In fact, the essential facts of Plaintiff and Defendant's respective claims appear to have nothing to do with each other. Accordingly, this Court must view Defendant's counterclaim as lacking subject matter jurisdiction.

In addressing the exact same issue as addressed in Plaintiff's instant motion, a court within the Ninth Circuit determined that the defendant's counterclaim for breach of contract was permissive only, and thus supplemental jurisdiction could only be exercised if an independent basis for jurisdiction existed. *See Hart v. Clayton-Parker and Associates, Inc.*, 869 F.Supp. 774, 776 (D. Ariz. 1994). In reaching this conclusion, the *Hart* court researched case law throughout nation and noted the following:

> **[E]very published decision directly addressing the issue in this case has found that FDCPA lawsuits and lawsuits arising from the underlying contractual debt are not compulsory counterclaims.** *Peterson v. United Accounts, Inc.,* 638 F.2d 1134, 1137 (8th Cir.1981); *Ayres v. National Credit Management Corp.,* 1991 WL 66845, at *4 (E.D.Pa. April 25, 1991); *Gutshall v. Bailey and Assocs.,* 1991 WL 166963, at *2 (N.D.Ill. February 11, 1991); *Leatherwood v. Universal Business Service Company,* 115 F.R.D. 48, 49 (W.D.N.Y.1987).

*Hart*, 869 F.Supp. at 777 (citations included in original) (emphasis added). *See also Campos v.*

*Western Dental Services, Inc.*, 404 F.Supp.2d 1164, 1168 (N. D. Cal. 2005) (citing to *Hart* and

finding the defendant's counterclaim to be permissive). *See also Hurtado v. TAM Fin. Corp.* 2007

WL 1746884 (W. D. Tex. 2007); and *Avery v. First Resolution Mgmt Corp.*, 2007 WL 1560653 (D.

Ore. 2007).

      The *Hart* quoting a decision from Pennsylvania further noted:

> The court finds the reasoning in these cases persuasive. As aptly
> stated by the Ayres court: Although defendants' right to payment from
> plaintiff is certainly factually linked to the fairness of defendants'
> collection practices-there being no attempted collection without an
> alleged debt-a cause of action on the debt arises out of events
> different from the cause of action for abuse in collecting. The former
> centers on evidence regarding the existence of a contract, the failure
> to perform on a contract, or other circumstances leading to the
> creation of a valid debt. The latter centers on evidence regarding the
> improprieties and transgressions, as defined by the FDCPA, in the
> procedures used to collect the debt, regardless of the debt's validity.

*Hart*, 869 F.Supp. at 777 *quoting Ayres v. National Credit Management Corp.*, 1991 WL 66845,

at *4 (E.D.Pa. April 25, 1991).

      Although the Seventh Circuit generally does not make a distinction between compulsory and

permissive counterclaims, the fact that courts throughout the nation have found that FDCPA

lawsuits and lawsuits arising from the underlying contractual debt do not arise from the same

transaction or occurrence for purposes of Fed. R. Civ. P. 13(a) should be persuasive here.

      Under the FDCPA, Congress determined that unfair or deceptive collection practices

undermine the public confidence that is essential to the continued functioning of the banking and

credit system and sound extensions of credit to consumers. Congress has further determined that

there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and

due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair

or deceptive acts or practices. *15 U.S.C. 1692(a)-(e).* This claim does not concern any obligations created by the underlying debt. Nor is the underlying debt relevant to the FDCPA since § 1692a(5) defines debt as "any obligation or *alleged obligation* of a consumer to pay money." Thus, Defendant's evidence of a valid contract between Plaintiff and Corporate America Family Credit Union is not relevant to Plaintiff's claim.[1]

## IV. IN THE ALTERNATIVE, PUBLIC POLICY REQUIRES THE COURT TO REFUSE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE COUNTERCLAIM.

If the Court does determine that there exists even a loose factual connection between the claims, it is still within the district court's discretion as to whether or not to exercise supplemental jurisdiction. *Channell v. Citicorp Nat'l Serv., Inc.* 89 F.3d 379, 389 (7th Cir. 1996).

In a similar case in the Eastern District of California, the court declined to extend jurisdiction over a collection action counterclaim finding that per 28 U.S.C. § 1367(3)(4), compelling reasons existed to decline jurisdiction. *Sparrow v. Mazda American Credit*, 385 F.Supp.2d 1063, 1066 (E.D. Cal. 2005). In that case, the court found the claims to have a logical factual relationship, yet still declined to exercise jurisdiction over the counterclaim collection action and held:

> Even if supplemental jurisdiction exits over Defendant's counterclaims, a court may decline to exercise that jurisdiction where compelling reasons exist. **In a case such as this one, strong policy reasons favor declining to exercise jurisdiction.** As the court states in *Leatherwood*, allowing a debt collector to bring an action for the underlying debt in a case brought under the FDCPA may deter litigants from pursuing their rights under that statute:

In *Leatherwood v. Universal Business Service, Co.,* the court observed that:

---

[1] Furthermore, in *Sparrow v. Mazda American Credit,* the district court recognized that allowing a defendant to bring a [complaint] for the underlying debt may deter those harmed by alleged violations of the FDCPA from pursuing their rights under the statute. *Sparrow,* 385 F.Supp.2d 1063, 1068-69 (E.D. Cal. 2005). Similarly, plaintiffs who may debate bringing FDCPA and RFDCPA claims may decide against it because of the possibility of being sued on the underlying debt.

[T]o allow a debt collector defendant to seek to collect the debt in the federal action to enforce the FDCPA might well have a chilling effect on persons who otherwise might and should bring suits such as this...Given the remedial nature of the FDCPA and the broad public policy it serves, federal courts should be loath to become immersed in the debt collection suits [brought by] the target of the very legislation under which a FDCPA Plaintiff states a cause of action.

111 F.R.D. 48, 50 (W.D.N.Y. 1987) (quoting *Roberts v. Nat'l Sch. Of Radio & Television Broadcasting*, 374 F.Supp. 1266, 1272 (N.D. Ga. 1974). A major purpose of the FDCPA is to protect individuals from unfair debt collection practices regardless of whether the indivudal actually owes a debt. *Baker*, 677 F.2d at 777 ("The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt exists."); *McCartney*, 970 F.2d at 47 ("The Act makes debt collectors liable for various 'abusive, deceptive, and unfair debt collection practices' regardless of whether the debt is valid."); *Keele*, 149 F.3d at 594 ("[T]he plaintiff who admittedly owes a legitimate debt has standing to sue if the [FDCPA] is violated by an unprincipled debt collector.").

**Strong policy reasons exist to prevent the chilling effect of trying FDCPA claims in the same case as state law claims for collection of underlying debt.** This policy satisfies the exceptional circumstances requirement to support an order declining to exercise supplemental jurisdiction over Defendant's state law claims to enforce the debt.

*Sparrow,* 385 F.Supp.2d 1063 at 1070-1071 (emphasis added)(internal citations in the original).

Accordingly, even if this Court determines that the analysis regarding jurisdiction does not end with the "logical relationship" test and concludes that Defendant's counterclaim has sufficient nexus to the Plaintiff's claim under the FDCPA, compelling reasons exist to decline jurisdiction. As detailed above, allowing this counterclaim to go forward would have a chilling effect on the very consumers for whom the FDCPA was designed to protect.

## IV.    CONCLUSION.

This Honorable Court should grant Plaintiff's Motion to Dismiss Defendant's counterclaim. As detailed *infra*, there is no sufficient nexus between the parties' claims for the exercise of supplemental jurisdiction. Moreover, compelling public policy reasons exist for the court to decline to exercise supplemental jurisdiction over Defendant's counterclaim.  For the reasons stated herein, Plaintiff's Motion to Dismiss should therefore be granted.

WHEREFORE, Plaintiff, PATRICIA MUFWENE respectfully requests this Honorable Court grant Plaintiff's Motion to Dismiss the counterclaim of Defendant, AMERICAN CREDIT EXCHANGE, for lack of subject matter jurisdiction.


DATED:  July 20, 2010

Respectfully Submitted,
KROHN & MOSS, LTD.

By: /s/ Adam T. Hill
       Adam T. Hill
       Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I, Adam T. Hill, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within-entitled cause. My business address is 120 W. Madison, 10th Floor, Chicago, IL 60602.

On July 20, 2010, I served the following document on the parties in the within action:

**PLAINTIFF AND COUNTER-DEFENDANT PATRICIA MUFWENE'S ANSWER TO DEFENDANT AND COUNTER-PLAINTIFF'S COUNTERCLAIM**

| | |
|---|---|
| X | **VIA ELECTRONIC SERVICE:** The above described document will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |

Ann Megan O'Malley Chessare
ROBINSON CURLEY & CLAYTON, P.C.
300 Wacker Drive, Ste. 1700
Chicago, IL 60606
momalleychessare@robinsoncurley.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on July 20, 2010.

By:     /s/ Adam T. Hill
        Adam T. Hill