**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICIA MUFWENE, | ) | |
| | ) | |
| Plaintiff and Counter-Defendant, | ) | |
| | ) | |
| v. | ) | **No.  1:10-cv-02591** |
| | ) | |
| AMERICAN CREDIT EXCHANGE, | ) | |
| | ) | |
| Defendant and Counter-Plaintiff, | ) | |

**PLAINTIFF AND COUNTER-DEFENDANT'S REPLY TO DEFENDANT AND
COUNTER-PLAINTIFF'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS
COUNTERCLAIM FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff, PATRICIA MUFWENE ("Plaintiff"), by counsel, hereby replies to Defendant

and Counter-Plaintiff's, AMERICAN CREDIT EXCHANGE, ("Defendant"), response to

Plaintiff's Motion to Dismiss Counterclaim for lack of subject matter jurisdiction.

**I.     DEFENDANT HAS FAILED TO ADDRESS ANY ARGUMENTS MADE BY
PLAINTIFF'S MOTION TO DISMISS**

Rather than address the arguments made in Plaintiff's Motion to Dismiss Defendant's

counterclaim, Defendant cites completely distinguishable case law for the proposition that its breach

of contract claim arises from the same case or controversy as Plaintiff's suit against Defendant for

abusive collection practices, regardless of its extremely tenuous, and indeed immaterial connection.

In *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294(7th Cir. 1995), the court found that a

dispute regarding attorney's fees was sufficiently connected to the underlying litigation concerning a

Title VII claim.  In making this determination, the court pointed out that Title VII expressly provides

for attorney's fees. Because the federal court had jurisdiction over the Title VII claim and its attendant attorney's fees, it necessarily had jurisdiction over a dispute arising from those fees. In finding that jurisdiction, the court pointed out that at the time the underlying litigation was settled, the court was already aware of the dispute, and in its approval of the settlement of that case, expressly retained jurisdiction over the attorney fee dispute. *Id.* at 1301.

Defendant then argues that a "loose factual connection" between its breach of contract claim and Plaintiff's FDCPA claim exists, and cites *Ammerman v. Sween,* for this proposition. In *Ammerman*, another case concerning a Title VII action, the Seventh Circuit held that the district court had properly recognized and exercised supplemental jurisdiction over state law assault and battery claims because they were sufficiently connected to Plaintiff's Title VII claim against her employer for sexual harassment. The court held that the "loose factual connection" in this instance was met because "without reference to facts surrounding the assault, there would have been no sexual harassment claim against the employer." *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995). In the present case, however, whether or not Plaintiff owes a debt, and the facts surrounding that alleged debt, is wholly immaterial to Plaintiff's claims regarding Defendant's debt collection practices.

As discussed in Plaintiff's Motion to Dismiss Defendant's Counterclaim, the Federal Fair Debt Collection Practices Act ("FDCPA") does not require a valid debt before a claim may be pursued. By Defendant's own admission, the FDCPA defines debt as "any obligation or *alleged* obligation" of a consumer to pay money, and thus an actual debt is not required. 15 U.S.C. § 1692(a)(5) (emphasis added). Thus, the existence of a valid debt is irrelevant to Plaintiff's claims against Defendant. This proposition is supported by case law cited in Plaintiff's motion, and

completely unaddressed in Defendant's response. (*See, Baker v. G.C. Services, Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) ("The FDCPA protects consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists."), *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992) ("The Act makes debt collectors liable for various 'abusive, deceptive, and unfair debt collection practices, regardless of whether the debt is valid.").

Defendant similarly failed to address the abundant case law supporting Plaintiff's contention that, in fact, breach of contract actions are not sufficiently connected to a consumer's FDCPA claim so as to give rise to the proposition that the two share a loose factual connection and thus the Court may exercise supplemental jurisdiction over the breach of contract action. *See,* Plaintiff's Motion to Dismiss filed July 20, 2010.

II.     **CONTRARY TO DEFENDANT'S ASSERTION, PUBLIC POLICY REQUIRES THE COURT TO REFUSE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER DEFENDANT'S COUNTERCLAIM**

Defendant likewise declined to respond to case law Plaintiff cites to support her contention public policy requires the Court to decline to exercise supplemental jurisdiction in this case. By Defendant's own admission, the goal and purpose of the FDCPA is to eliminate abusive collection practices by debt collectors. Allowing a debt collector who violates provisions of the FDCPA to then file a breach of contract counterclaim in possible retaliation, after that debt collector had sat on its rights to file in state court, would produce a chilling effect on a consumer's willingness to exercise his or her rights under the FDCPA, and would in fact, undermine the very spirit of the FDCPA. *See, Sparrow v. Mazda American Credit,* 385 F.Supp.2d 1063, 1066, 1070-1071 (E.D. Cal. 2005), *Leatherwood v. Universal Business Service, Co.,*115 F.R.D. 48, 50 (W.D.N.Y. 1987). In fact, Defendant concedes that one goal of the FDCPA is to "eliminate abusive debt collection practices by

debt collectors" and "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). Thus, allowing Defendant's counterclaim to go forward in federal court would actually reward a debt collector's allegedly abusive practices, by allowing an abusive debt collector to sit on his rights until a consumer decides to file an FDCPA claim, and then file a federal counterclaim in retaliation, while a debt collector who does not engage in such abuses must then make the affirmative action of hiring an attorney to file against the consumer. *See,* Plaintiff's Motion to Dismiss, filed July 20, 2010.

### III.     CONCLUSION

This Honorable Court should grant Plaintiff's Motion to Dismiss Defendant's counterclaim. As detailed *infra*, there is no sufficient nexus between the parties' claims for the exercise of supplemental jurisdiction. Moreover, compelling public policy reasons exist for the court to decline to exercise supplemental jurisdiction over Defendant's counterclaim. For the reasons stated herein, Plaintiff's Motion to Dismiss should therefore be granted.

WHEREFORE, Plaintiff, PATRICIA MUFWENE respectfully requests this Honorable Court grant Plaintiff's Motion to Dismiss the Counterclaim of Defendant, AMERICAN CREDIT EXCHANGE, for lack of subject matter jurisdiction.


                                                    Respectfully Submitted,
DATED:  September 8, 2010          KROHN & MOSS, LTD.

                                                    By: /s/ Adam T. Hill_____
                                                         Adam T. Hill
                                                         Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Adam T. Hill, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within-entitled cause.  My business address is 120 W. Madison, 10th Floor, Chicago, IL 60602.

On September 8, 2010, I served the following document on the parties in the within action:

**PLAINTIFF AND COUNTER-DEFENDANT PATRICIA MUFWENE'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM**

| X | **VIA ELECTRONIC SERVICE:** The above described document will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
|---|---|

Fay Clayton
fclayton@robinsoncurley.com
Ann Megan O'Malley Chessare
momalleychessare@robinsoncurley.com
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Drive, Ste. 1700
Chicago, IL 60606
(312) 663-3100

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on September 8, 2010.

By:     _/s/ Adam T. Hill_____
            Adam T. Hill