# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2591 | **DATE** | 11/3/2010 |
| **CASE TITLE** | Patricia Mufwene vs. American Credit Exchange | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of this order, plaintiff Patricia Mufwene's "Motion to Dismiss Counterclaim for Lack of Subject Matter Jurisdiction" [15] is denied. Mufwene is to file her answer to defendant American Credit Exchange's breach of contract counterclaim by November 17, 2010. Status is set for November 23, 2010, at 9:00 a.m. The parties are encouraged to discuss settlement. The scheduling order entered July 15, 2010 [13] remains in effect.

■[ For further details see text below.]                                                          Notices mailed

---

## STATEMENT

On April 27, 2010, plaintiff Patricia Mufwene ("Mufwene") filed a complaint against defendant American Credit Exchange ("American Credit") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. ("FDCPA"). On June 30, 2010, American Credit filed its answer and also asserted a counterclaim against Mufwene for breach of contract based on the debt underlying Mufwene's FDCPA claim. (Dkt. No. 10.) Currently before the court is Mufwene's "Motion to Dismiss Counterclaim for Lack of Subject Matter Jurisdiction" (Dkt. No. 15 ("Mufwene's Mot.")). For the reasons explained below, Mufwene's Motion is denied.

According to Mufwene, this court does not have supplemental jurisdiction over American Credit's breach of contract counterclaim. The court disagrees. American Credit's counterclaim for breach of contract arises under state law. In determining whether a district court has jurisdiction over such a counterclaim, the Seventh Circuit has instructed district courts to apply 28 U.S.C. § 1367 regardless of whether the counterclaim is permissive or compulsory within the definition of Federal Rule of Civil Procedure 13. *Channell v. Citicorp Nat'l Servs.*, 89 F.3d 379, 385-86 (7th Cir. 1995); *see also Spaulding Moving & Storage, Inc. v. Nat'l Forwarding Co.*, 2008 WL 781929, at *2 & n.3 (N.D. Ill. Mar. 20, 2008) (discussing current state of Seventh Circuit authority). Section 1367(a) provides that

in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). According to the Seventh Circuit, this court has jurisdiction over state law claims under § 1367 "so long as they derive from a common nucleus of operative fact with the original federal claims."

*Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (quoting *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008)). This test is generally satisfied by a "loose factual connection." *Id.*

      Here, the court finds that American Credit's breach of contract counterclaim is sufficiently related to Mufwene's FDCPA claim to support this court's exercise of supplemental jurisdiction under § 1367(a). Although Mufwene is correct that the actual validity of the underlying debt is not relevant to her FDCPA claim, *see* 15 U.S.C. § 1692a(5) ("The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . ."), as she admits, "the debt that Defendant seeks to collect involves the same debt for which Defendant is suing Plaintiff" (Mufwene's Mot. 4). Thus, the court finds that American Credit's counterclaim has at least a "loose factual connection" to Mufwene's FDCPA claim. Other courts to address this issue have reached the same conclusion. *See Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1070 (E.D. Cal. 2005); *Mostin v. GL Recovery*, *L.L.C.*, 2010 WL 668808, at *3 (N.D. Cal. Feb. 19, 2010) ("Numerous courts have held that supplemental jurisdiction exists over a defendant's counterclaim for the debt underlying a FDCPA claim.").

      In the alternative, Mufwene argues that even if this court finds that it has supplemental jurisdiction over American Credit's counterclaim, it nevertheless should decline to exercise that jurisdiction because of public policy considerations. Under § 1367(c),

          the district courts may decline to exercise supplemental jurisdiction over a claim . . . if–

          (1) the claim raises a novel or complex issue of State law,
          (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
          (3) the district court has dismissed all claims over which it has original jurisdiction, or
          (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

      Here, relying on the "exceptional circumstances" exception in § 1367(c)(4), Mufwene argues that "allowing [American Credit's] counterclaim to go forward would have a chilling effect on the very consumers for whom the FDCPA was designed to protect." (Mufwene's Mot. 8.) Although the court recognizes that several district courts have declined to exercise supplemental jurisdiction over such counterclaims based on this concern, *see, e.g.*, *Mostin*, 2010 WL 668808, at *5 (listing decisions in which district courts have declined to exercise jurisdiction), Mufwene has not identified any relevant Seventh Circuit case law nor has this court's research uncovered any precedential authority supporting Mufwene's position. This court respectfully disagrees with the decisions cited by Mufwene and instead finds that exercising its supplemental jurisdiction over American Credit's counterclaim will support judicial efficiency and economy by not requiring American Credit to burden the state court system with parallel litigation over overlapping issues. Nor does the court find that allowing this counterclaim to proceed before this court will "have a chilling effect" on consumers seeking protection under the FDCPA. Indeed, as the court in *Betsey v. Nissan Motor Acceptance Corp.*, 2010 WL 2925367 (D. Conn. Sept. 10, 2009), "any chilling effect is substantially weakened where as here the debt collector can pursue the deficiency claim against the plaintiff in a separate state court action." *Id.* at *4 (addressing counterclaim for a deficiency related to plaintiff's claim for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681).

**STATEMENT**

Consequently, for the reasons stated above, Mufwene's "Motion to Dismiss Counterclaim for Lack of Subject Matter Jurisdiction" (Dkt. No. 15) is denied.

*James F. Holderman*